## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
      **Plaintiff**

v.

**BRIAN J. REINWALD**
      **Defendant**

Case Number 4:05cr3042-001

USM Number 19291-047

JEFFERY R. KIRKPATRICK

Defendant's Attorney

_____

## JUDGMENT IN A CRIMINAL CASE
### (For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of standard conditions 2 and 7 and special conditions 5 and 8 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 2. (Standard Condition #7) | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | October 1, 2007 |
| 3. (Standard Condition #2) | The defendant shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month. | October 29, 2007 |
| 4. (Special Condition #8) | The defendant shall submit to testing requested by any person involved in monitoring the defendant's supervision, that is, testing to detect the presence of controlled substances in the defendant's bodily fluids in order to determine whether the defendant has consumed, or reverted to use of any prohibited substance. | October 23, 2007 |

| | | |
|---|---|---|
| 5. (Special Condition #5) | The defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer. | October 22 2007 |

Original Offense: Conspiracy to distribute controlled substance in violation of 21 USC 846 and 18 U.S.C. 2.

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegation #1 of the Petition for Offender Under Supervision is dismissed on the motion of the United States .

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

> Date of Imposition of Sentence:
> March 28, 2008
>
> s/ *Richard G. Kopf*
> United States District Judge
>
> March 31, 2008

Defendant: BRIAN J. REINWALD                                                                                              Page 3 of 7
Case Number: 4:05cr3042-001

## IMPRISONMENT

The defendant's term of probation is revoked. Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **eighteen (18) months**.

The Court makes the following recommendations to the Bureau of Prisons:

1. The Court recommends in the strongest possible terms that the defendant participate in the 500-hour Intensive Drug Treatment Program or any similar drug treatment program available.

2. That the defendant be incarcerated at the camp at **Yankton, South Dakota.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 p.m. no earlier than 30 days from today's date** as notified by the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: BRIAN J. REINWALD  Page 4 of 7
Case Number: 4:05cr3042-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. Paragraph # 7 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

3. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the United States Probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation officer.

5. Defendant shall participate in the Victim Awareness Program as directed by the U. S. Probation Officer. Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

6. The defendant shall provide the United States Probation officer with access to any requested financial information.

7. Pursuant to 18 U.S.C. § 3583 (d), the defendant shall submit to a drug test within fifteen (15) days of being placed on probation and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any United States Probation officer to detect the presence of controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. The defendant shall pay for the collection of urine samples to be tested for the presence of controlled substances.

8. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402) 437-5223, within seventy-two (72) hours of being placed on probation or released from confinement and, thereafter, as directed by the probation officer.

Defendant: BRIAN J. REINWALD                                                                                                   Page 6 of 7
Case Number: 4:05cr3042-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 (paid) | Balance of $13,000.00 remains | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that interest requirement is waived.

## FINE

A fine in the amount of $15,000.00 is imposed.  A balance of $13,000 remains.

## RESTITUTION

No restitution was ordered.

Defendant: BRIAN J. REINWALD  Page 7 of 7
Case Number: 4:05cr3042-001

## SCHEDULE OF PAYMENTS

The defendant has paid the special assessment in the amount of $100.00. The defendant is to pay the remainder of the fine in the amount of $13,000.

If the defendant does not elect to pay the fine in full in a lump sum, the probation officer shall establish a reasonable schedule for the payment of the fine and may alter said schedule from time to time as necessary or appropriate.  Unless otherwise agreed by the defendant, the monthly schedule of payments established by the probation officer should not exceed $250 (calculated as follows: $15,000 divided by 60 months). The first payment shall commence 30 days after defendant's release from incarceration and continue until the criminal monetary penalty is paid in full.  The fine should be paid prior to completion of supervised release.  The defendant shall be responsible for providing proof of payment to the probation officer as directed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 593 Federal Building, 100 Centennial Mall North, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.  In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK


By _____Deputy Clerk